**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

REGINALD MIMMS, a/k/a Gerald
King,

*Defendant-Appellant.*

No. 00-4793

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-99-48, CR-00-22)

Submitted: June 26, 2001

Decided: July 16, 2001

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael Morchower, MORCHOWER, LUXTON & WHALEY,
Richmond, Virginia, for Appellant. Ruth E. Plagenhoef, United States
Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Reginald Mimms appeals his jury convictions for possession of cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of marijuana. He asserts on appeal that his motion to suppress evidence obtained in a search of the car he was driving was improperly denied, that the evidence was insufficient to support his convictions, and that the prosecutor improperly commented on his refusal to testify in his closing argument. Because we conclude that none of these arguments has merit, we affirm Mimms' jury convictions.

During a traffic stop for speeding, Mimms provided a driver's license in the name of Gerald King and a car registration in the name of Asia Burgos of New York. Mimms informed the officer that he was traveling to Nashville to visit a girlfriend and that Burgos was a friend who loaned him the car for the trip. The police officer who stopped the vehicle ("Metro") suspected there were drugs in the car because it belonged to a third party in New York City, because Mimms could not remember the name of the woman he was going to visit, and because New York City was a drug source location. Metro stated Mimms consented to a search of the vehicle and his person; Mimms testified he did not consent to any search.

Metro recovered $925 in cash from Mimms' person, and he and other police officers discovered what they believed was a hidden compartment in the vehicle. A drug sniffing dog later alerted to the area in which the compartment was located, and after they opened the compartment with some difficulty, the officers found three kilograms of cocaine and a loaded Glock .40 pistol inside.

Whether a defendant knowingly and voluntarily consented to a search is a factual determination that we reverse on appeal only if

clearly erroneous. *United States v. Elie*, 111 F.3d 1135, 1144 (4th Cir. 1997). The Government must establish knowing and voluntary consent by a preponderance of the evidence, which is assessed under a "totality of the circumstances test." *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). In reviewing the totality of the circumstances surrounding the search, we conclude that the district court's determination that Mimms consented to the searches in question is not clearly erroneous.

We must affirm Mimms' jury convictions if there is substantial evidence, when viewed in the light most favorable to the government, to support the jury's verdicts. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Construing the evidence presented at trial in this light, we conclude it is sufficient to sustain the jury's verdicts.

Finally, as to the prosecutor's comments during his closing argument concerning Mimms' use of an alias, we conclude the district court did not err in denying Mimms' motion for a mistrial on this basis. When read in context, we conclude the prosecutor's comments were not improper, and even if they were, they did not affect Mimms' substantial rights. *See United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983). We therefore affirm Mimms' convictions and sentence. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*